**Jolanda GJONI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 02–4822–AG.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2005.

Sokol Braha (Sunit K. Joshi, on the brief) Joshi & Associates, P.C., New York, N.Y., for Petitioner.

William H. Beatty, Assistant United States Attorney, for James A. McDevitt, United States Attorney for the Eastern District of Washington, Spokane, WA, for Respondent.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the petition for review is **GRANTED** and the decision of the Board of Immigration Appeals is **VACATED** and **REMANDED**.

Jolanda Gjoni, a native and citizen of Albania, petitions this Court for review of a November 12, 2002 order of the Board of Immigration Appeals ("BIA"). This order summarily affirmed, without opinion, the June 7, 2001 decision of the Immigration Judge ("IJ") denying Gjoni's application for asylum, withholding of removal, and relief under the Convention Against Torture. Gjoni's principal claim before the IJ was that she and her family had previously been subjected to political persecution because of their anti-Communist views and that she would suffer political persecution if forced to return to Albania. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We note at the outset that because the BIA summarily affirmed the IJ's decision, "it is appropriate ... to review the decision of the IJ directly." *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings under the substantial evidence standard. *See, e.g., Melgar de Torres v. Reno*, 191 F.3d 307, 312 (2d Cir.1999). Such findings must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we will reverse the immigration court's ruling "only if a reasonable fact-finder would have to conclude otherwise." *Id.* at 312–313 (citations and internal quotation marks omitted). When our review involves mixed question of law and fact, however, we are far less deferential. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000). Specifically, "when the situation presented is the BIA's application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, our review of the BIA's asylum and withholding of deportation determinations is *de novo.*" *Id.* (internal citations and quotation marks omitted).

In *Diallo*, this Court provided "specific guidance as to how the BIA should approach questions of credibility and corroboration." *Id.* at 283. To wit, we held that *first*, "the BIA should decide explicitly whether or not [an alien's] testimony was credible," noting that this determination cannot be based solely on a lack of corroborating evidence; and *second*, "if the BIA finds that [an alien's] testimony was credible, it should decide whether additional corroboration is nonetheless required to meet his burden of proof," in which case it should explain specifically "(1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the alien's] proffered explanations for the lack of such corroboration are insufficient." *Id.* at 290.

The IJ's departure from the *Diallo* framework is troubling. He devoted the bulk of the decision to a discussion of Gjoni's lack of corroboration for her account, but it is unclear whether, in doing so, the IJ was ruling on *Diallo*'s first prong (*i.e.*, making an adverse credibility determination) or ruling on *Diallo*'s second prong (*i.e.*, concluding that the applicant was credible but that additional corroboration was reasonably required and lacking). For example, the IJ stated that

> I don't mean to imply that I actually doubt that the respondent's father and uncle were killed. Certainly it's possible that they were. On the other hand, the lack of any documentary evidence to show how they died, when they died, where they died, et cetera, is puzzling. And it does raise the question of whether there might be something about the deaths that the respondent does not want to disclose.

We cannot determine whether, with such commentary, the IJ was making an adverse credibility finding or stating that, assuming Gjoni's testimony to be credible, her claim nonetheless failed for lack of corroboration. An analysis that hewed more closely to the *Diallo* framework would enhance both the clarity of the IJ's decision and our ability to conduct meaningful review. We therefore grant the petition, and vacate and remand to the BIA, which should, in turn, remand it to the IJ to analyze Gjoni's application using *Diallo*'s two-step framework.

Accordingly, Gjoni's petition is **GRANTED** and the order of the Board of Immigration Appeals is **VACATED** and **REMANDED**. Gjoni's motion for stay of deportation is **GRANTED**.